# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ILLINOIS DIVISION

ALEXANDER DE VRYER,                    )
                                       ) **CIVIL RIGHTS COMPLAINT**
                                       )    (42 U.S.C §1983)
                            Plaintiff, )
                                       )
                       v.              )  CIVIL NO.
                                       )
NORTHSHORE UNIVERSITY                  )
     HEALTHSYSTEM,                     )
(Katherine A. Goelitz, (Sarah A. Gotlund?) )
 Sarah Michelle Gotlund, Anthony Bartuch  )
 Erika Zzgray, Steve Jinsoo Kim
 Kathy Wereszczynska, Helen Anen
 Cherrelyn Aldover
 Katherine Kinney Carbery, Carolyn Duffy
 Gerald P. Gallagher and Collen Lurigio)
                                       )
                           Defendant,  )
                                       )

**RECEIVED**

MAY 3 1 2013

THOMAS G BRUTON
CLERK, U S DISTRICT COURT

**13 CV 4072**
JUDGE GOTTSCHALL
MAGISTRATE JUDGE GILBERT

## COMPLAINT

## ELEMENTS OF A SECTION § 1983 CLAIM 42 U.S.C.

(i)      **"Every person . . ."**

(ii)     **". . . who under color of [state law][17] . . ."**

         [17]. Section 1983's requirement that a person act "under color of any
         statute, ordinance, regulation, custom or usage of any State or
         Territory or District of Columbia" is commonly abbreviated as "under
         color of state law."

(iii)    **". . . subjects or causes to be subjected . . ."**

(iv)     **". . . [any person to] the deprivation of rights . . ."**

## A. JURISDICTION

1.      Jurisdiction is proper in this court according to: §1983

2.      ALEXANDER DE VRYER IS A CITIZEN OF THE STATE OF ILLINOIS

1

PRESENT MAILING ADDRESS: P.O. BOX 6008 EVANSTON, IL 60204

## B. NATURE OF CASE

1.      The case is brought before the court because from May 6th, 2011 to June

3rd, the Plaintiff (Pro Se Litigant) was held indefinitely without the free will to leave

O deny treatment on behalf of NorthShore University HealthSystem.  The Plaintiff

was falsely imprisoned and without the ability to leave the facility.  The

defendants emotionally raped the Plaintiff.  The defendants forcibly admitted the

Plaintiff to their hospital without a reasonable explanation and no reasonable

means of escape, that led the Plaintiff to be in fear for his life until finalizations of

discharges.  The Plaintiff was told that he would be able to leave and lied to in

this.


2.      The Plaintiff asked and attempted to leave.  The Plaintiff was stopped from

leaving three times and then threatened with restraints by an African descended

security guard.


3.      The Plaintiff was in fear for his life because the defendants could have had

any procedure done to him, including electro-shock therapy and psychosurgery

against his will.


4.      The Plaintiff was lied to by Daniel Binaei and told that he was able to

leave.  The Plaintiff was in fear that he could not leave.  When the Plaintiff asked

N.U.H.'s staff whether he could leave he was told that he was free to leave.

Although this was not true, according to the Plaintiff's social worker. This disinformation was claimed by two other staff. The Plaintiff's parent was told the same. Under an addendment he states, "It was also clarified that the program could not mandate treatment, but if necessary we could coordinate care with Law enforcement, Parents, or outside care providers." Addended Daniel Binaei on May 13th 2011 at 1:53 P.M. and written on May 12th 2011 at 1:55 P.M. The defendant wrote on the document that he made him and his family aware that he would be forced to attend and that the proper authorities would be called thus falsely imprisoning the Plaintiff and fraudulently concealing the fact through medical documents.

5.    The Plaintiff was falsely accused as follows; "Pattern of consistently lying and conning -Sexual promiscuity, has never been totally monogamous for a year, does not take responsibility for children" written by "Counselor, Social Worker, Nursing" on May 17, 2011 with no time." These notes have no basis and the Plaintiff has no children and is not a parent. The claims are so wanton that they even accuse the Plaintiff of conning, something the defendants do themselves by recording fraudulent information. "ANTI-SOCIAL BEHAVIOR" by "Mental Hlth Worker" on May 17, 2011 with no time. This claim is also with no basis as the Plaintiffs whole family know the Plaintiff very well and has completely disagreed with this statement.

6.    These fraudulent notes were taken on a widescale because the Plaintiff

didn't ever cry there or anywhere else. The Plaintiff prior to this didn't cry for seven years. The Plaintiff was lied about as followed by the defendant's staff; "Frequently cries with no obvious provocation" and "fails to meet basic grooming and hygiene needs" by "Counselor, Social Worker, Nursing" on May 6, 2011 withno time, by "Social Worker, Therapist (Psych), Psychiatrist, Mental Hlth Worker" on May 6, 2011, by Helen Anen on May 7, 2011 at 8:45 A.M by Kathy Wereszczynska on May 7, 2011 noted at 4:05 P.M. and filed at 3:38, by Anthony Bartuch on May 7, 2011 at 10:42 P.M. and on May 8, 2011 at 11:28 P.M., by Erika Zzgray on May 9, 2011 at 10:04 A.M. and on May 10, 2011 at 1:22 P.M. And also this was written, "Mother, Borderline Personality Disorder (per father); Maternal uncle, Schizophrenia Other Symptoms" and "Milestones: on target" by Carolyn Duffy on May 9, 2011 at 7:27 P.M. The Plaintiff is unaware why the defendants took this information seriously as it is false and has no factual basis and was only showed in wanton behaviour that caused disgust to the Plaintiff.

7.    These notes were deleted; "pt transferred to highland park in stable condition" deleted by Cherrelyn Aldover on May 6, 2011 at 7:34 P.M. and "Deleted by Aldover, Cherrelyn, RN at 05/06/11 1934" The Plaintiff is curious what was in these notes the defendants may be hiding. The defendants have zero credibility for writing false information on such large scale and is curious why the defendants are working there still. Based on the false allegations of the Plaintiff the defendants actions can only be wanton and it caused a loss of freedom to the Plaintiff through intentional means and reckless disregard of the

Plaintiff's safety there and in the future.


## C. CAUSE OF ACTION

1.   I allege that my constitutional rights, privileges O immunities have been

violated and that the following facts form the basis for my allegations:

a.    (1)    Count I: The Plaintiff was given no reason and without charges

indefinite imprisonment inside the confines of a hospital without reasonable

means of escape.  The Plaintiff felt in danger for his life, meanwhile there was no

real justification in his circumstance of being detained, kept and admitted.  The

Plaintiff stated that he did not want to go multiple times and that he wished to

leave.  The Plaintiff's wishes were disregarded and he was admitted to the

hospital anyhow.  The Plaintiff made it very clear that he did not want any so

called "help."  The reason for the Plaintiff's unnecessary imprisonment was

unjustified and wanton.  The Plaintiff was falsely accused of being insane, forced

treatment and medication and indefinitely imprisoned the Plaintiff.  The Plaintiff

was in agonizing fear for his life.  The Plaintiff was given labels of anti-social.

      (2)    Supporting Facts: The Plaintiff can prove these allegations

confirmed through medical documentation and by the recognition of facts of his

*false imprisonment* whether they be recorded or not.  The Plaintiff was in fear

that he could not leave.  When the Plaintiff asked N.U.H.'s staff whether he could

leave he was told that he was free to leave.  Although this was not true,

according to the Plaintiff's social worker.  This disinformation was claimed by two

other staff.  The Plaintiff's parent was told the same.  Under an addendment he

states, "It was also clarified that the program could not mandate treatment, but if necessary we could coordinate care with Law enforcement, Parents, or outside care providers." Addended Daniel Binaei on May 13th 2011 at 1:53 P.M. and written on May 12th 2011 at 1:55 P.M. This statement was fraudulent and the Plaintiff was not made aware of the true intentions of the defendants.

b.    (1)    Count IV: The Plaintiff has mechanical twitching and emotional damages through the treatment and wanton conduct of the defendants.

    (2)    The Plaintiff was not allowed any option to leave. The Plaintiff was forcibly admitted to the hospital. As the Plaintiff did not want or need "help" the Plaintiff was tortured. The pain was indescribable when this was happening. It was not about answering questions right or wrong, the Plaintiff was going to be admitted either way because of the defendants' eagerness to have him.

c.    (1)    Count IV: The Plaintiff has suffered from long-term damages as far as trauma.

    (2)    The Plaintiff has been completely altered in personality from these instances through severe trauma by these wanton persons involved. The Plaintiff no longer has trust for anyone that claims to be of help to him. The Plaintiff felt in danger of his life in the E.R. (Emergency Room) due to the fact of possible lengthy imprisonment from the indefinite terms that people are subjected to with or without their consent in hospitals by persons of capability that have the power to do so.

d.    (1)    Count V: The Plaintiff was falsely imprisoned. The Plaintiff was held against his will indefinitely even though he requested to leave multiple times.

(2)     The Plaintiff was held forcefully by the defendants without justification and under constant threat with indefinite imprisonment. Through the records of staff shown previously. False claims of parenthood, frequently crying and labeling the Plaintiff's family incorrectly were made by the defendants. The Plaintiff was given no freedom or option to leave and the defendants induced a complete loss of freedom to the Plaintiff against his will.

## D. INJURY

1.     The Plaintiff has been injured through the actions of the defendant, the traumatization done purposely by the defendants through evidence of wanton and willful misconduct. The Plaintiff was abducted by the defendants and held against his will indefinitely.

## E. PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF

1.The Plaintiff has filed other lawsuits in state court that deal with the same facts that are involved in this action or otherwise relate to the conditions of the Plaintiff's imprisonment.

Details of other lawsuits:

a.     Parties to previous lawsuit: Plaintiff: Alexander P.J. de Vryer

b.     Defendants:     Village of Northfield (Northfield Police Department) in the Circuit Court of Cook County, Illinois, County Department Suburban Law Division;

Case Number: 13-L-062003 and Candy Garland in the Circuit Court of Cook

County, Illinois Municipal Department, Second District; Case Number: 13-M2-000100 NorthShore University HealthSystem (N.U.H.) in the Circuit Court of Cook County, Illinois, County Department Suburban Law Division Second Municipal District; Case Number 13-L-062002.

c.    Disposition:

Village of Northfield; the case was dismissed with prejudice pursuant to 735 ILCS 5/2-619(a)(9). The case was not appealed. The case was dismissed based on immunity. The Plaintiff explained that violations of wanton and willful misconduct did not apply to the Immunity Law and that the statute was the standard two years by law. The law for restitution for the Village of Northfield was brought up although misconstrued as it was thought to be for the Plaintiff. The Plaintiff also brought up that the statute of limitations was extended because of the involvement of medical personnel. The case was dismissed anyhow. To quote the ruling: "The court having thoroughly reviewed the filings of both parties, including the Complaint, considered the arguments of the parties and for good cause shown". The Plaintiff was recognized to have a solid case.

North Shore University HealthSystem; The case is pending.

Candy Garland; the case was dismissed with prejudice and it was not appealed. The defendant broke the law by obstructing justice, by prevaricating to police officials and intentionally inflicting harm on the Plaintiff by false claims of threats on her life. It was not recognized that the defendant broke any law.

d.    Issues raised:

Candy Garland; The instance began with this neighbor going over to the next door neighbor, by the name of Rita, and conspired to use her to back her up in accusing the Plaintiff of threatening to kill her.  Rita denied the offer and reported the instance to the Plaintiff in 2012 in the month of approximately August.  The neighbor, Candy Garland alone, then lied to police officials, obstructed justice, and had the Plaintiff investigated.  The illegal act of the neighbor misreporting and lying about the incident to police officials was considered not an illegal act according to the lawyer.  It was dismissed because the judge felt that the Plaintiff did not state a Cause of Action.  The laws of *735 I.L.C.S. 5/2-603* were used by the defendant's representation to state that the Plaintiff did not list his causes of action, pled, in separate counts.

Village of Northfield, the police department of Winnetka/Northfield Police in Northfield detained the Plaintiff against his will.  The police were let in Plaintiff's complex.  The Plaintiff was made aware of false-accusations in which he denied and then the police took the Plaintiff to the ambulance when a nylon bag was put over his head that obscured the Plaintiff's vision.  This was done for no known reason.  Although medical officials reported that the Plaintiff was expectorating at police.  The police then put me under observation by an officer in the E.R. for the second time and reported that they wanted the hospital to call police psychologist, Dr. John Conlin, if the hospital let the Plaintiff go, this happened in both January 2011 and May 2011.  The police claimed immunity from

prosecution. The laws brought up were *735 I.L.C.S. 5/2-619(a)(9)*. The Local

Governmental and Governmental Employees Tort Immunity Act and

*745 I.L.C.S. 10/8-10*, the Act that prescribes a one-year statute of limitations.

(check law)


NorthShore University HealthSystem; the Plaintiff has made a case with medical-

malpractice, intentional infliction of emotional distress and negligent infliction of

emotional distress along with the counts of fraud and wanton and willful

misconduct by the defendants. A series of misreporting by their staff effected the

Plaintiff's well being.

e.    Filed: In January 11th 2011 the Plaintiff filed all the lawsuits.

f.    Decisions:

A) For Candy Garland the case was finalized on April 22nd 2013.

B) For the Village of Northfield the decision was finalized on February 11th 2013.

C) For N.U.H. the Hearing on the Motion shall be held on June 6th 2013 at 1:30

P.M. in courtroom 202, 5600 Old Orchard Road, Skokie, IL, 60077.


Relief sought:

A) The Plaintiff has sought relief from the police Village of Northfield under

restitution to the Village of Northfield also for damages from the medical

negligence and wanton, willful and inhumane treatment of the Plaintiff.

B) The Plaintiff is also currently seeking relief from N.U.H. for gross negligence,

damages, emotional and physical harm to himself.

C) Relief was sought for emotional damages from Candy Garland.

## **REQUEST FOR RELIEF**

1. I believe that I am entitled to the following relief: $10,000,000 for an

   injurious situation attributing to emotional and physical harm.

## **DECLARATION UNDER PENALTY OF PERJURY**

The undersigned declares under penalty of perjury that he is the plaintiff in the

above action, that he has read the above complaint, and that the information

contained therein is true and correct. 28 U.S.C. §1746; 18 U.S.C §1621.

Executed at *1:45 P.M.* on May 3/, 2013.

Signature